HELENE N. WHITE, Circuit Judge
(concurring in part and dissenting in part).
I agree with the majority that the University was entitled to summary judgment as to Anderson’s claims related to his original hearing and appeal and his second hearing. I respectfully dissent from the majority’s determination that the University was entitled to summary judgment as to Anderson’s claims related to his second appeal.
The majority concludes that there is no genuine issue of material fact regarding Anderson’s claim that portions of his second appeal petition were improperly dismissed, reasoning that the relevant procedural rules give the Board Chair the authority to unilaterally dismiss a petition, or parts of a petition, -without forwarding them to a Board panel. But Anderson does not dispute that Brau, the Board Chair, was authorized to perform this gatekeeping function. Rather, he argues that Brau did not apply the proper standard when he did so.
I would conclude that Anderson has raised an issue of material fact in this regard. The record reflects that Brau did not simply determine whether the arguments raised in Anderson’s petition “set forth a basis sufficient to provide the relief sought,” as provided for by the Board’s *505 procedures. Rather, Brau dismissed portions of the petition for reasons unrelated to their merit, such as Anderson’s failure to explicitly state that he was challenging the Honor Council’s decision on procedural grounds. The Board’s procedures, however, do not require petitions to be in a particular format or to include a statement of issues. Accordingly, as in Atria v. Vanderbilt Univ., 142 Fed.Appx. 246, 255-56 (6th Cir.2005), there is an issue of material fact as to whether the University violated its own rules by dismissing portions of Anderson’s petition on these grounds.
Similarly, I do not agree that the University is entitled to summary judgment on Anderson’s claim that Brau violated Board procedures by informing panel members that the statistical likelihood of Anderson’s test results was less than one in two billion, a figure that Brau arrived at through his own calculations and that was not presented to the Honor Council. The relevant procedural provision prohibits the Board from considering evidence that was not presented to the original hearing authority. Accordingly, I would conclude that an issue of material fact exists as to whether the University complied with its own rules in this regard. See id.
In light of these genuine issues of material fact, I would reverse the grant of summary judgment on these claims and remand the case to the district court for further proceedings.